O

cc: order, docket, remand letter to
San Bernardino Superior Court,
Rancho Cucamonga, No. CIV RS 1203771

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRIGUEROS, LORRAINE TRIGUEROS,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BANK OF AMERICA HOME LOANS, a division of Bank of America, N.A., and TRUSTEE CORPS.,<br><br>　　　　Defendants. | Case No. EDCV 12-01066 DDP (DTBx)<br><br>**ORDER REMANDING CASE TO STATE COURT**<br><br>[Docket No. 10] |

   Plaintiffs initially filed their Complaint against Defendants in California state court, on May 15, 2012. Plaintiffs' Complaint brings various state law claims, stemming from Defendants' allegedly unlawful efforts to foreclose on their home. Defendants removed the action to this court on June 28, 2012, on the basis of diversity jurisdiction. Defendants have since filed a Motion to Dismiss the Complaint.

   In a case that has been removed to federal court based on diversity jurisdiction, the proponent of jurisdiction "has the burden to prove, by a preponderance of evidence, that removal is

proper." <u>Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka</u>, 599 F.3d 1102, 1106-07 (9th Cir. 2010). There is a "strong presumption against removal jurisdiction," and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted).

For diversity jurisdiction, the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Typically, the "test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." <u>In re Ford Motor Co./Citibank (S.D.), N.A.</u>, 264 F.3d 952, 958 (9th Cir. 2001). Thus, "where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." <u>Id.</u> In conducting this analysis, the court may first consider whether the jurisdictional amount is facially apparent from the complaint. See <u>Abrego Abrego v. The Dow Chem. Co.</u>, 443 F.3d 676, 690 (9th Cir. 2006). If the amount is not apparent, the court may then consider facts in the removal petition or require submission of additional evidence.

Here, Plaintiffs' Complaint seeks unspecified damages "in an amount to be proven at trial," as well as an order cancelling a pending notice of default and trustee's sale. (Compl. at 18-19 and ¶¶ 12-13, 58, 78.) Accordingly, it is not clear on the face of the Complaint that the amount in controversy is $75,000 or more. Defendants allege in their Notice of Removal, however, that the

2

value of their security interest is $400,000.  (Notice of Removal ¶ 14.)  Defendants contend that this security interest constitutes the amount in controversy, because "Plaintiffs request an injunction against the foreclosure sale."  (Id.)  The court disagrees.

At least two courts in this Circuit have held that neither the amount of the loan at issue, nor the amount of any default, is a relevant measure of damages, where plaintiffs seek only to temporarily enjoin a foreclosure sale, and do not "contest the amount of the loan, the fact of their default, or the amount that they currently owe."  Cross v. Home Loan Mortgage Corp., No. CV 11-04728, 2011 WL 2784417, at *2-3 (C.D. Cal. July 15, 2011); see also Cheng v. Wells Fargo Bank, N.A., No. SACV10-1764, 2010 WL 4923045, at *2 (C.D. Cal. Dec. 2, 2010).  As one of the courts explained, a judgment for plaintiffs in such a case "would delay - not preclude - any foreclosure sale."  Cross, 2011 WL 2784417, at *3.  And absent any evidence to the contrary, "[t]he cost of delay is similar to the costs at issue in unlawful detainer actions - cases that this Court routinely remands to state court because the amount in controversy, i.e., the rental value of the properties at issue, is substantially less than the jurisdictional minimum."  Id.

The court agrees with this analysis.  Here, Plaintiffs' claims are based on allegations that Defendants failed to follow state law and their own promises, by seeking to foreclose on the property during loan modification discussions, without proper notice. Plaintiffs do not in any way challenge the loan or the amount that they owe.  Instead, Plaintiffs seek what amounts to a temporary injunction of the foreclosure sale - i.e. until Defendants comply

3

with state law procedural requirements and their alleged promises to not foreclose during loan modification discussions. There is no indication that any such delay of the foreclosure sale would satisfy the $75,000 jurisdictional amount.

Because Defendants fail to establish by a preponderance of evidence that the amount in controversy requirement is met, the court concludes that it lacks subject matter jurisdiction. Removal was therefore improper and the court hereby REMANDS the matter to state court.

IT IS SO ORDERED.

Dated: August 27, 2012

                                        DEAN D. PREGERSON
                                        United States District Judge